UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JANE DOE,

                            Plaintiff,

- versus -

UNITED STATES

                            Defendant.

<u>ORDER</u>

14-MC-1412

JOHN GLEESON, United States District Judge:

        In response to the applications set forth in the government's letter dated June 5, 2015, it is hereby ordered as follows:

1. The time for proposing modifications to the relief ordered in my May 21, 2015 decision is extended to June 19, 2015.

2. The record of the case, which has been sealed, is hereby unsealed only to the extent of permitting access to it by the government for the purposes set forth in the government's letter. The Probation Department has informed me that Doe's file was delivered to the assigned AUSA before the government forwarded it to me. In addition, that file was retrieved from my chambers last week by the assigned AUSA. I therefore assume the file remains available to the government. If not, the Probation Department is directed to make it available to the assigned AUSA.

3. The motion for "clarification" of the May 21 decision asks not for clarification but for the bases of the Court's determination that the government conceded the facts asserted by Doe and the finding that she was terminated from employment half a dozen times after her employers learned of her conviction. The motion is denied

without prejudice to a motion for reconsideration, as that is what the application most resembles. The decision itself needs no clarification. The government's opposition to the motion was based on the case law establishing that adverse employment consequences typically do not constitute the sort of extreme situation that warrants expunging a conviction. *See* Transcript of proceedings dated March 9, 2015 ("Tr."), at 8. As for the facts asserted by Doe in writing and orally, the following colloquy occurred at the oral argument:

> The Court: All right. Are there any – I take it there is no dispute about the facts, or is there?
>
> The AUSA: No, Judge. I don't think there is any dispute about the facts.
>
> Tr. at 9.

Those facts included Doe's counsel's assertion that Doe was fired "at least five, six times . . . [t]hat I know of," based on the post-hiring revelation of her conviction. Tr. at 5-6. I express no view on the timeliness or the merits of a motion for reconsideration that would seek to challenge those facts for the first time.

So ordered.

John Gleeson, U.S.D.J.

Dated: June 8, 2015
Brooklyn, New York